**SO ORDERED.**

**SIGNED this 19 day of June, 2009.**

_____

                    **J. Rich Leonard**
           **United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA

**IN RE:**

**LUTHA PRESTON EASON,**

        **DEBTOR.**                      **Case No. 09-00493-8-JRL**
                                          **Chapter 13**

_____

### ORDER

The matter before the court is the motion to set aside the schedule of current income and to determine new date for determination of current income by the debtor. On June 17, 2009, the court held a hearing in Wilmington, North Carolina.

The debtor filed a petition for relief under chapter 13 of the Bankruptcy Code on January 22, 2009. According to the debtor's statement of current monthly income, the average monthly income earned by the debtor and his spouse during the six month period prior to filing bankruptcy was $4,795.49 per month. On May 6, 2009, the debtor filed a motion to set aside the schedule of current income and to set an alternative date from which to determine income. On May 22, 2009, Waccamaw Bank filed an objection to the debtor's request.

Section 101(10A) of the Bankruptcy Code defines "current monthly income" to mean:

the average monthly income from all sources that the debtor receives . . . derived during the

6-month period ending on – (i) the last day of the calendar month immediately preceding the

date of the commencement of the case if the debtor files the schedule of current income; or

(ii) the date on which current income is determined by the court for purposes of this title if

the debtor does not file the schedule of current income required . . . .

11 U.S.C. § 101(10A)(A).  The debtor moves the court to set aside his schedule of current income

and to determine his current monthly income during the 6-month period ending on June 30, 2009

pursuant to § 101(10A)(A)(ii).

The debtor alleges that the average monthly income earned by the debtor and his spouse

between January 2009 and June 2009 was $3,909.00 per month and asserts that this amount is a

more accurate reflection of the debtor's income going forward.  At hearing, the debtor testified

before the court and established that he was employed by Corning until just prior to filing his

petition.  The debtor established that he received unemployment income of approximately $423.00

per week during the months of February and March.  However, the debtor further established that

Corning re-hired him in April 2009.  In addition, the debtor established that Corning was paying him

slightly more in wages than what he was earning prior to losing his job.  On cross-examination, the

debtor admitted that his income would remain consistent so long as he remained employed.  As a

result, the court finds that the debtor is in no worse position financially than he was at the time he

filed his schedule of current income.  Therefore, the court finds no basis for setting aside the debtor's

schedule of current income as originally filed.

Based on the foregoing, the motion to set aside the schedule of current income and to determine new date for determination of current income is DENIED.

"END OF DOCUMENT"